## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 3:14-cv-152-TCB |
| GREGORY PACKAGING, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| _____ | ) | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of a disability and to provide appropriate relief to a Charging Party, who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Gregory Packaging, Inc. ("Defendant") terminated the Charging Party from his employment because of his disability, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to

Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Newnan Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Gregory Packaging, Inc. has continuously been a corporation doing business in the State of Georgia, and the city of Newnan, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Gregory Packaging, Inc. has continuously been an employer engaged in an industry affecting commerce under

Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.      At all relevant times, Defendant Gregory Packaging, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than 30 days prior to the institution of this lawsuit, the Charging Party filed a charge of discrimination (No. 410-2013-00183) with the Commission alleging violations of the ADA, as amended.

8.      On September 6, 2013, the EEOC issued to Defendant a Letter of Determination inviting it to join the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.      On February 21, 2014, the EEOC issued to Defendant a Notice of Failure of Conciliation advising it that despite its efforts the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

11.     Since at least August 2012, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by terminating the Charging Party because of his disability.

12.     Charging Party was hired by Defendant in or about February 2012 as a Machine Operator.  In his position, the Charging Party operated the machine that assembled boxes that were used to ship Defendant's products to customers.

13.     The Charging Party has a physical impairment that substantially limits him in the major bodily functions of the immune, hemic and lymphatic systems and, thus, has a disability as defined by the ADA, as amended.

14.     Despite his physical impairment, the Charging Party performed all of the essential functions of his position without any performance problems or the need for an accommodation.

15.     On or around July 23, 2012, one of the Charging Party's co-workers informed Defendant's Shift Leader of his physical impairment.

16.     The Shift Leader immediately called the Charging Party into a meeting wherein the Charging Party acknowledged that he had an impairment.

17.     The Shift Supervisor, the Plant Manager, the Vice President of Operations, and Respondent's President, Edward Gregory, were all then informed of the Charging Party's physical impairment.

18.    On or about August 22, 2012, Defendant's Vice President of Operations told the Charging Party that he was terminated because of his physical impairment.

19.    Defendant admits that it terminated the Charging Party because of his physical impairment.

20.    The effects of the practices complained of in Paragraphs 11 through 19 have been to deprive the Charging Party of equal employment opportunities and, otherwise, adversely affect his status as an employee because of his disability.

21.    The unlawful employment practices complained of in Paragraphs 11 through 19 were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of the Charging Party.

22.    The effects of the practices complained of in paragraphs 11 through 19 have been to inflict emotional pain, suffering, and inconvenience upon the Charging Party and deprive him of the financial and other benefits of working for Defendant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from

engaging in disability discrimination against employees, and engaging in any other employment practices that discriminate on the basis of disability.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees and that eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole the Charging Party, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay, lost benefits and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.     Order Defendant to make whole the Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.     Order Defendant to make whole the Charging Party by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering,

anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay the Charging Party punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper.

H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REEMS
Associate General Counsel

__Sept. 26, 2014__                   s/ Robert K. Dawkins
        Date                         ROBERT K. DAWKINS
                                     Regional Attorney
                                     Georgia Bar No. 076206
                                     robert.dawkins@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

Lakisha Duckett Zimbabwe
Trial Attorney
Georgia Bar No. 231641
lakisha.duckett-zimbabwe@eeoc.gov


U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:   (404) 562-6818
Facsimile:    (404) 562-6905